**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JONATHAN R. BOYCE, *et al.*, | ) CASE NO.   3:18-cv-01622 |
|  | ) |
| Plaintiffs, | ) JUDGE JACK ZOUHARY |
|  | ) |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
|  | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
|  | ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |

On August 7, 2018, Plaintiffs Jonathan Boyce and Douglas Boyce, *pro se*, filed an Amended Complaint seeking judicial review pursuant to 42 U.S.C. § 405(g). (R. 5). Unlike typical social security appeals that come before this court, Plaintiffs do not challenge a denial of benefits, but instead challenge the Social Security Administration's decision to recover an alleged overpayment.[1] (R. 5-1).

The Social Security Act provides that when a claimant has been overpaid, "proper adjustment or recovery shall be made." 42 U.S.C. § 404(a).

> An overpayment is the difference between the amount paid to the claimant and the amount the claimant was actually entitled to receive under the Act. 20 C.F.R. § 404.504. In the case of an overpayment, "there shall be no ... recovery by the United States from, any person who is without fault if such adjustment or

---

[1] According to a motion to withdraw a motion to stay, Plaintiffs represent that they have been "notified by the Defendant that benefits will no longer be withheld during the appeal process." (R. 15).

> recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. § 404(b)(1). The regulations instruct that a fault determination turns on whether the overpayment resulted from:
>
>> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>>
>> (b) Failure to furnish information which he knew or should have known to be material; or
>>
>> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.
>
> 20 C.F.R. § 404.507. If the claimant is not without fault, then he is not entitled to a waiver of overpayment, and the Administration will pursue recovery. *Id*. § 404.511. Here, the ALJ determined that Garcia was without fault, but the Appeals Council reached the opposite conclusion. At issue now is whether the Appeals Council's findings as to fault are supported by substantial evidence.

*Garcia v. Comm'r of Soc. Sec.*, 732 F. App'x 425, 428 (6th Cir. 2018).

On February 4, 2019, Defendant has filed a Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g). (R. 26). Defendant asserts that a remand is warranted because:

> Further clarification is necessary regarding the ALJ's calculation of the months constituting Plaintiff's trial work period and the total amount of the overpayment that Plaintiff owes. Remand is also appropriate so that the ALJ can separately determine whether the claimant (Jonathan Boyce) and the representative payee (Douglas Boyce) were at fault in causing or accepting the overpayment under Social Security Ruling (SSR) 64-7 and whether the claimant and the representative payee were jointly and/or individually liable for the overpayment pursuant to SSR 64-7. Such clarification is appropriate to fully inform Plaintiff of the basis for the ALJ's decision, and, if necessary, to permit meaningful judicial review. On remand, the ALJ will also ensure that the record is complete.

(R. 26, PageID# 214).

Plaintiffs oppose the motion to remand and filed a Motion for Summary Judgment, arguing a remand is inappropriate pursuant to sentence four of § 405(g) where new evidence is not implicated. (R. 27). Plaintiffs' position is untenable, as § 405(g) expressly states that "[t]he

court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, *with or without remanding the cause for a rehearing*." (emphasis added).[2] Further, this court routinely remands cases to the Social Security Administration pursuant to sentence four when it finds that a decision is either unsupported by substantial evidence or in violation of a procedural rule. Finally, a district court rarely awards benefits. "If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits *only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits*." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (emphasis added).

Here, it is unclear whether Plaintiffs are challenging the fact of an overpayment, whether they were not at fault for the overpayment, or both. During the pendency of this action, Plaintiffs have sought to add "missing evidence" to the record that they believed was submitted during the appeal process. (R. 16 & 19). Defendants contends that several documents mentioned in Plaintiffs' filings were "never submitted to the ALJ or Appeals Council during the administrative process and are properly not part of the administrative record." (R. 21). A remand would allow for reconsideration of these issues based on a complete record. Plaintiffs protest that a remand would allow Defendant a "do over" for its alleged error and mistakes. (R. 27, PageID# 220). Sentence Four remands routinely allow the Commissioner to essentially cure its mistakes, as an individual's entitlement to disability benefits should rest on a claimant's ability to establish said disability and *not* on an error by the Commissioner. Similarly here, a reversal of the

---

[2] Plaintiffs appear to concede that a remand pursuant to sentence four lies within the discretion of the court in their surreply. (R. 29).

Commissioner's decision to recover an alleged overpayment, without the benefit of a full record, risks a windfall for Plaintiffs.

For the foregoing reasons, it is recommended that the Commissioner's Motion to Remand (R. 26) be GRANTED and Plaintiffs' Motion for Summary Judgment (R. 27) be DENIED.

s/ *David A. Ruiz*
David A. Ruiz
United States Magistrate Judge

Date: February 21, 2019

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**; *Thomas v. Arn*, **474 U.S. 140 (1985)**, *reh'g denied*, **474 U.S. 1111 (1986).**