IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jonathan R. Boyce, et al., | Case No. 3:18 CV 1622 |
| Plaintiffs, | ORDER ADOPTING R&R |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

In June 2018, Defendant Commissioner of Social Security rendered a final decision (1) determining that Plaintiff *pro se* Jonathan Boyce had received $19,038.70 in Social Security benefit overpayments and (2) denying Jonathan Boyce's request for waiver of his obligation to return the overpaid benefits (*see* Doc. 24 at 7; Doc. 24-5 at 1; Doc. 26 at 1). Plaintiff *pro se* Douglas Boyce is Jonathan Boyce's representative payee of Social Security benefits (*see* Doc. 5-1 at 1).

In July 2018, Plaintiffs filed a Complaint (Doc. 1) against the Commissioner, which they later amended (Doc. 5). The Amended Complaint seeks judicial review of the Commissioner's June 2018 decisions (*id.*). Under Local Civil Rule 72.2(b)(1), the Amended Complaint was automatically referred to Magistrate Judge David Ruiz. Plaintiffs filed a Brief on the Merits (Doc. 24). The Commissioner then filed a Motion seeking "revers[al] [of] the Commissioner's decision with remand to the Commissioner for further administrative proceedings" (Doc. 26 at 1). Plaintiffs opposed this Motion and moved for summary judgment (Doc. 27); the Commissioner replied (Doc. 28); Plaintiffs filed a Memorandum in Response (Doc. 29). Judge Ruiz then issued a Report and Recommendation (R&R), concluding that this Court should grant the Commissioner's Motion and deny Plaintiffs'

Motion (Doc. 30 at 4). The R&R recommends this outcome because "remand would allow for reconsideration of these issues based on a complete record" (*id.* at 3). The administrative record (Doc. 14) -- although 511 pages long -- apparently lacks information necessary for adequate review of the Commissioner's decisions (*see id.*; Doc. 26 at 2).

This Court reviews *de novo* any portions of an R&R to which a party timely objects. 28 U.S.C. § 636(b)(1). Failure to timely object, however, waives district and appellate court review of the R&R. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). This waiver rule applies only if the magistrate judge notifies the parties that failure to object results in waiver, *see Walters*, 638 F.2d at 950, and it has few exceptions, *see Vanwinkle v. United States*, 645 F.3d 365, 371 (6th Cir. 2011) (prevailing party exception); *United States v. 1184 Drycreek*, 174 F.3d 720, 725–26 (6th Cir. 1999) (miscarriage of justice exception).

The R&R notified the parties that failure to object would result in waiver (Doc. 30 at 4). Neither party has objected, and the deadline for objections has passed. This Court therefore adopts the R&R (Doc. 30) in its entirety. The Commissioner's two decisions referenced in this Order are reversed, and the matters are remanded for further proceedings. *See* 42 U.S.C. § 405(g)(Sentence 4). Plaintiffs' Motion for Summary Judgment (Doc. 27) is denied.

This Court also issues two additional orders, although the R&R did not explicitly recommend them. First, per the Commissioner's request (Doc. 26 at 2–3), the Commissioner shall, on remand, (1) reassess what months constituted Jonathan Boyce's trial work period; (2) recalculate the total overpayment owed, providing appropriate explanation for that recalculation; (3) determine whether Plaintiffs were both at fault in causing or accepting the overpayment under SSR 64-7; (4) determine whether Plaintiffs were jointly or individually liable for the overpayment under SSR 64-7; and (5) ensure that the record is complete. Second, in response to Plaintiffs' concerns (Doc. 29 at 2), this

2

Court emphasizes that the Commissioner shall not attempt to collect the alleged overpayments from Plaintiffs until the Commissioner reaches a final determination on remand. *See* 42 U.S.C. § 404(a)(1) (requiring Commissioner to recover overpayments "[w]henever the Commissioner . . . *finds*" that overpayment has been made) (emphasis added); 20 C.F.R. § 404.502 (requiring adjustments against monthly benefits only if Commissioner has reached "determination that an overpayment has been made"). *See also* SOCIAL SECURITY ADMINISTRATION, PROGRAM OPERATIONS MANUAL SYSTEM (POMS), GN 02201.019(B), 02201.025(B)(2), (4), 02210.001, 02210.006(B), (C)(2).

This Court certifies that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                               s/ *Jack Zouhary*
                                               JACK ZOUHARY
                                               U. S. DISTRICT JUDGE

March 29, 2019